UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IN RE
Kevin J. Benson and Kathleen Ann Benson

Chapter: 13

Case No. 16-27697-beh

Debtors.

**MOTION OF JPMORGAN CHASE BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY**

JPMorgan Chase Bank, N.A., the current mortgagee of record, its successors, servicing agents and/or assignees (hereinafter collectively and at all times material hereto "the movant"), through its attorneys, Gray & Associates, L.L.P., hereby moves the court for an order for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code and alleges as follows:

1. The movant holds a promissory note and mortgage encumbering real property owned by the debtor(s) and located at W167 N 11125 Queens Ct, Germantown, WI 53022. A copy of the note and mortgage are attached hereto and their contents are incorporated herein by reference.

2. That as of September 21, 2018 (or the resolution of the prior motion for relief from the automatic stay herein, if any), post-petition monthly mortgage payments have not been received as required by the terms of the plan in this case and, accordingly, the movant's records reflect that the following post-petition arrearage has accrued:

Drafted by:

Jay Pitner
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151-2841
Phone: (414) 224-8404
Fax: (414) 224-1279
Email: jpitner@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

| | |
|---|---|
| 12/23/17 through 8/23/18 | $3,180.15 |
| 9 mortgage payments @ $353.35 | |
| Credits / Suspense | (193.67) |
| POST-PETITION ARREARAGE | $2,986.48 |

3. That the default in payments constitutes "cause" for terminating the automatic stay under section 362(d)(1) of the Bankruptcy Code.

4. That failure to make the monthly payments has resulted in the loss of adequate protection of the movant's interest in the encumbered property, thereby entitling the movant to relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

WHEREFORE, the movant requests that the automatic stay be terminated pursuant to section 362(d) of the Bankruptcy Code so that the movant may protect, exercise and enforce its rights pursuant to said note and mortgage, that any order entered pursuant to this motion be effective immediately upon its entry and for such further relief as may be just and equitable.

Dated this _22nd_ day of October, 2018.

Gray & Associates, L.L.P.<br>
Attorneys for Movant<br><br>
By: _____<br>
Jay Pitner<br>
State Bar No. 1010692

Official Form 420A (Notice of Motion or Objection) (12/16)

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re  Kevin J. Benson and Kathleen Ann Benson
*[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]*

Debtor

Case No. 16-27697-beh

Address  W167 N 11125 Queens Ct, Germantown, WI 53022

Chapter 13

Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): 1439, 2759

Employer's Tax Identification (EIN) No(s).(if any): _____

## NOTICE OF MOTION OF JPMORGAN CHASE BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY

JPMorgan Chase Bank, N.A., the current mortgagee of record, its successors, servicing agents and/or assignees (hereinafter collectively and at all times material hereto "the movant"), has filed papers with the court for an order for relief from the automatic stay.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before November 05, 2018, you or your attorney must:

File with the court a written objection to the motion and a request for a hearing at:

> Clerk, U.S. Bankruptcy Court
> U.S. Courthouse
> 517 E. Wisconsin Avenue, Room 126
> Milwaukee, WI 53202-4500

If you mail your request and objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

>Jay Pitner
>Gray & Associates, L.L.P.
>16345 West Glendale Drive
>New Berlin, WI 53151-2841
>
>Scott Lieske
>Chapter 13 Trustee
>P.O. Box 510920
>Milwaukee, WI 53203

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: October 22, 2018  Signature: /s/ Jay Pitner

Name: Jay Pitner

Address: Gray & Associates, L.L.P.

16345 West Glendale Drive

New Berlin, WI 53151-2841

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IN RE
Kevin J. Benson and Kathleen Ann Benson

Debtors.

Chapter: 13

Case No. 16-27697-beh

## CERTIFICATE OF SERVICE

    I hereby certify that on October 22nd, 2018, the notice of motion and motion for an order for relief from the automatic stay was electronically filed in this case and served upon the following parties using the ECF system:

Scott Lieske Trustee

Eastern District U.S. Trustee

Kathryn Kay MacKenzie

    I further certify that on the same date, I mailed the same document(s) by the United States Postal Service to the following non-ECF participants:

Kevin J. Benson
W167N11125 Queens Court
Germantown, WI 53022

Kathleen Ann Benson
W167N11125 Queens Court
Germantown, WI 53022

Dated this    22nd    day of October, 2018.

                                              Jennifer J Jarrett, Bankruptcy Analyst
                                              Gray & Associates, L.L.P.

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.